IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| NATIONAL VAN LINES, | ) | |
| | ) | |
| Plaintiff, | ) | No. 22 C 4558 |
| | ) | |
| v. | ) | Magistrate Judge Jeffrey Cole |
| | ) | |
| FIRST NATIONAL VAN LINES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

The plaintiff has filed a Motion to Compel responses and/or responsive documents to plaintiff's interrogatories 5, 6, and 9, and requests for production numbers 5, 8, 11, and 12. For the following reasons, the Motion [Dkt. #32] is granted.

Defendant got off on the wrong foot in this case by failing to answer the Complaint in a timely manner, only doing so once the plaintiff filed a Motion for Default. [Dkt. ##11, 16, 17]. Thus, it does not come as a surprise that defendant also failed to timely respond to the plaintiff's discovery requests, repeatedly promising responses by a certain date and then repeatedly over a four month period failing to provide any discovery. The defendant does not contest the plaintiff's timeline for its failures [Dkt. #40, at 1-2], which are chronicled below [Dkt. #33, at 2-3]:

> November 28, 2022 -- the parties agreed that they would complete fact discovery by May 16, 2023 [Dkt. ##21, 25].
>
> January 12, 2023– the plaintiff served its first set of interrogatories [Dkt. #33-1] and first set of requests for production [Dkt. #33-2].
>
> February 11, 2023– defendant's responses were due under Fed.R.Civ.P. 33(b)(2), but it failed to provide any.

>February 20, 2023– a week and a half after defendant's responses were due, plaintiff wrote to defendant's counsel, requesting responses no later than February 27, 2023. Defendant's counsel wrote back, stating that he anticipated tendering responses by February 24, 2023.
>
>February 24, 2023 – defendant failed to provide any responses.
>
>February 27, 2023 – plaintiff requested a meet and confer with defendant, and defendant's counsel indicated he was available on March 3, 2023.
>
>March 1, 2023– plaintiff suggested a time to meet and confer on March 3rd, but defendant's counsel did not respond.
>
>March 6, 2023 – defendant's counsel finally informed plaintiff that he anticipated tendering responses the end of the day on March 7, 2023, claiming that the responses were finalized and just waiting his client's verification.
>
>March 7, 2023 – once again, defendant failed to provide any responses.
>
>March 10, 2023 – the defendant's responses were month overdue. The court entered the parties' agreed confidentiality order [Dkt. #29], and defendant's counsel made another promise of providing responses, this time by March 15, 2023.
>
>March 15, 2023 – predictably, the defendant, yet again, failed to provide responses.
>
>March 22, 2023– after plaintiff requested another meet and confer over defendant's long overdue responses and multiple failures to provide them as promised, defendant served responses and provided a document production.
>
>March 30, 2023– the parties had another meet and confer over deficiencies in defendant's responses, and defendant's counsel stated that additional responses would be provided by April 14, 2023 but, as could probably have been expected, nothing more was forthcoming.

The defendant's delays and broken assurances regarding responses to routine discovery requests edged these proceedings needlessly close to the May 16, 2023 fact discovery deadline. [Dkt. #25]. Plaintiff finally filed a Motion to Compel on April 18, 2023.

In the responses defendant did provide, defendant lodged objections to a handful of the plaintiff's requests. But even these were, as a matter of law, unavailing since any objections had

already been waived as a consequence of the failure to have timely filed responses. Under Fed.R.Civ.P. 33(b)(2), the responding party must serve its answers and any objections within 30 days after being served with the interrogatories. "The grounds for objecting to an interrogatory must be stated with specificity. Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure." Fed.R.Civ.P. 33(b)(4). Similarly, under Fed.R.Civ.P. 34(b)(2)(A), responses are due in writing within 30 days after being served. Any objections must state whether any responsive materials are being withheld on the basis of that objection. Defendant did not object until a month *after* the due date, so defendant's objections are waived. *See, e.g., Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 74 (7th Cir. 1992)("Of course, [plaintiff] had probably already waived any objection to production by failing to object when disclosure was due."); *AAEON Elecs., Inc. v. NEC Display Sols. of Am., Inc.*, No. 21 C 4397, 2022 WL 13976377, at *3 (N.D. Ill. Apr. 19, 2022)(plaintiff ordered to fully respond to discovery requests as untimely objections were waived); *Boyd v. Lazer Spot, Inc.*, No. 19 C 8173, 2022 WL 2865916, at *2 (N.D. Ill. Mar. 30, 2022)("Defendant has not raised objections to the requests, which is appropriate, as any such objections have been waived."); *Stagger v. Experian Info. Sols., Inc.*, No. 21 C 2001, 2021 WL 5299791, at *4 (N.D. Ill. Nov. 15, 2021)("While Rule 34 does not contain express waiver language regarding untimely objections, district courts in the Seventh Circuit have interpreted Rule 34 as containing an implicit waiver provision to parallel Rule 33(b)(4)"); *Buonauro v. City of Berwyn*, 08 C 6687, 2011 WL 116870, *4 (N.D. Ill. Jan. 10, 2011) ("It is well-established that [a party's] failure to [respond to requests for production within thirty days pursuant to Fed. R. Civ. P. 34(b)(2)(A) and to state its specific objections pursuant to Fed. R. Civ. P. 34(b)(2)(B) in its initial response to discovery requests] in a timely manner waives a subsequent assertion of objections in the absence

of good cause.").

Of course, as the defendant points out, a court will excuse late responses and find no waiver if the guilty party shows "good cause" for its failure to comply with the federal rules' deadlines. *Buonauro, supra.* But defendant has made no showing at all here. All the defendant has offered is this cryptic assertion:

> While the Court is mindful of the seriousness of the failure to respond to Plaintiff's requests, there were exceptional and unprecedented circumstances. The delay was caused by counsel dealing with those circumstances and not Defendants.

[Dkt. #40, at 5]. There is no indication what those "exceptional and unprecedented circumstances" were. And merely saying something is so does not make it so. *INS v. Phinpathya*, 464 U.S. 183, 188 n. 6 (1984); *United States v. 5443 Suffield Terrace, Skokie, Ill.*, 607 F.3d 504, 510 (7th Cir. 2010). Obviously, a court cannot find "good cause" when it has no idea what the party arguing "good cause" is talking about.

Even so, the defendant's objections, waived or not, weren't valid. The objections to interrogatories nos. 5, 6, and 9, and the objections to document requests nos. 8, 11 and 12, indicated responses would only be provided subject to a Protective Order. But a Protective Order has been in place since March 10th. Defendant's other objections, that financial information is not relevant, make no sense, given 15 U.S.C. § 1117(a). *See, also, 4SEMO.com Inc. v. S. Illinois Storm Shelters, Inc.*, 939 F.3d 905, 912 (7th Cir. 2019) ("Under the Lanham Act's damages provision, the district court may award a prevailing plaintiff '(1) [the] defendant's profits, (2) any damages sustained by the plaintiff, and (3) the costs of the action.' 15 U.S.C. § 1117(a). The statute installs a burden-shifting framework: 'In assessing profits the plaintiff shall be required to prove defendant's sales only; defendant must prove all elements of cost or deduction claimed.'"); *WMS Gaming Inc.*

*v. WPC Prods. Ltd.*, 542 F.3d 601, 609 (7th Cir. 2008)("Courts consistently find that when a trademark plaintiff offers evidence of infringing sales and the infringer fails to carry its statutory burden to offer evidence of deductions, the plaintiff's entitlement to profits under the Lanham Act is equal to the infringer's gross sales.").

Accordingly, the plaintiff's Motion to Compel [Dkt. #32] is granted, and the defendant is ordered to fully respond to all outstanding discovery requests within five days. While the court will not impose fees at this time, failure to comply with this Order will result in an award of attorney's fees to plaintiff and may result in sanctions up to and including a recommendation that Judge Coleman enter a default judgment. *See, e.g., Hamilton v. Illinois Dep't of Hum. Servs.*, No. 21 C 6373, 2023 WL 1980119, at *2 (N.D. Ill. Jan. 27, 2023).

ENTERED: _____
UNITED STATES MAGISTRATE JUDGE

**DATE:** 5/23/23